# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## MARGARET SMITH v. HSBC MORTGAGE SERVICES, INC., ET AL.

### Appeal from the Chancery Court for Shelby County
### No. CH-13-0580-2   Jim Kyle, Chancellor

_____

### No. W2016-01159-COA-R3-CV – Filed October 4, 2016

_____

Because the order appealed does not comply with Rule 58 of the Tennessee Rules of Civil Procedure, the order is not a final judgment. Consequently, this Court lacks jurisdiction and this matter must be dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, P.J.W.S., KENNY ARMSTRONG, J., AND BRANDON O. GIBSON, J.

Margaret Smith, Memphis, Tennessee, pro se.

Darrel West, Nashville, Tennessee, for the appellee, HSBC Mortgage Services, Inc.

Bruce Lee Feldbaum, Memphis, Tennessee, for the appellee, Gregory Griffin.

### MEMORANDUM OPINION[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990).

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, the order of the trial court appealed in this matter fails to comply with Rule 58 of the Tennessee Rules of Civil Procedure.

Rule 58 provides that an order of final disposition is effective when the judgment is marked on its face with one of the following:

(1) the signatures of the judge and all parties or counsel, or
(2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
(3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

TENN. R. CIV. P. 58. In this matter, the order is not signed by Appellant Margaret Smith and there is no certificate of service indicating that a copy of the order was served upon her.

Consequently, the Court entered an Order on August 19, 2016, directing Appellant to obtain entry of a final judgment in the trial court or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Appellant filed a response to our Order on August 31, 2016, wherein she states that she declined to sign the order, but that she did receive a copy of the order appealed. As of this date, the Clerk of this Court has not received a supplemental record containing an amended order which complies with Rule 58 of the Tennessee Rules of Civil Procedure.

Because the order appealed does not comply with Rule 58, there is no final judgment and the order is "ineffective as the basis for any action for which a final judgment is a condition precedent." ***Steppach v. Thomas***, No. W2008-02549-COA-R3-CV, 2009 WL3832724, at *4 (Tenn. Ct. App. Nov. 17, 2009) (quoting ***Citizens Bank of Blount Cnty. v. Myers***, No. 03A01-911 1 -CH-422, 1992 WL 60883, at *3 (Tenn. Ct. App. Mar. 30, 1992)).

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Margaret Smith, for which execution may issue if necessary.

**PER CURIAM**